UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| RED BULL GMBH,<br>a foreign corporation,<br><br>and<br><br>RED BULL NORTH AMERICA, INC.,<br>a California corporation,<br><br>             Plaintiffs,<br><br>    v.<br><br>AXENT CORPORATION,<br>a Virginia Corporation,<br><br>             Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No.: 1: 07 CV 722<br>)                   TSE/ TRJ<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

Plaintiffs Red Bull GmbH ("Red Bull AU") and Red Bull North America, Inc. ("Red Bull NA") (collectively, "Red Bull") allege for their Complaint the following:

### JURISDICTION

1.    The First, Second, Third and Fourth Claims for Relief arise under the Lanham Act of 1946, as amended, 15 U.S.C. §§ 1051 *et seq.* This Court has jurisdiction over these Claims for Relief under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a).

2.    The Fifth and Sixth Claims for Relief arise under Virginia common law. This Court has jurisdiction over these Claims for Relief under 28 U.S.C. § 1338(b) in that these claims are joined with substantial and related claims brought under the trademark laws (15 U.S.C. §§ 1051 *et seq.*) of the United States. This Court also has jurisdiction over the state law claims under the doctrine of supplemental jurisdiction, 28 U.S.C. § 1367, because the federal and state claims are based on the same operative facts, and judicial economy, convenience, and fairness to the parties will result if this Court assumes and exercises jurisdiction over the state law claims.

1

## VENUE

3.    Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because the acts complained of occurred and are occurring in the United States and in this District, and have caused damage to Red Bull in the United States and in this District.

## PARTIES

4.    Plaintiff Red Bull AU is a company organized and existing under the laws of Austria with an address of Am Brunnen 1, Fuschl am See, 5330 Austria. Red Bull AU offers various goods and services to the consuming public at large, including most notably the Red Bull energy drink ("Red Bull Energy Drink"), in the United States, the State of Virginia and in this District.

5.    Plaintiff Red Bull AU offers its goods and services in the United States, the State of Virginia and in this District, through its wholly owned subsidiary Red Bull NA, a corporation organized under the laws of California with an address of 1740 Stewart Street, Santa Monica, California 90404.

6.    Red Bull, upon information and belief, alleges that Defendant Axent Corporation is a Virginia corporation with an address of 2111 Wilson Boulevard, Suite 700, Arlington, Virginia 22201 ("Axent" or "Defendant").

7.    Red Bull, upon information and belief, alleges that Defendant conducts business in interstate commerce in the United States, the State of Virginia and in this District; that the claims alleged herein arise from Defendant's acts or omissions in the United States, the State of Virginia and in this District; that Defendant has purposefully directed its activities to residents in the United States, the State of Virginia and in this District; and that Defendant's acts or

2

omissions have damaged Red Bull and its property in the United States, the State of Virginia and in this District.

## FACTUAL BACKGROUND

### Red Bull's Famous Energy Drink and Trade Dress

8.      Red Bull is the source of the Red Bull Energy Drink that has gained wide-spread popularity throughout the United States. In fact, Red Bull is credited with fueling the energy-drink craze that has attracted all types of consumers, from athletes and students to office workers and truck drivers.

9.      The Red Bull Energy Drink's consumer appeal has resulted in an explosive growth in the energy-drink category in the United States as companies are anxious to attempt to duplicate the success of the Red Bull Energy Drink.

10.     Originally introduced in the United States in 1996, the Red Bull Energy Drink has achieved unparalleled success, including in the State of Virginia and in this District. Since 1996, Red Bull has sold over four billion cans of the Red Bull Energy Drink in the United States.

11.     The success of the Red Bull Energy Drink is due in large part to Red Bull's unique marketing and expenditure of substantial resources on advertising and promotional activities relating to the Red Bull Energy Drink. Since 1996, Red Bull has expended more than one billion dollars on advertising, marketing, and promoting the Red Bull Energy Drink in the United States.

12.     Briefly and merely by way of example, Red Bull advertises and promotes the Red Bull Energy Drink (along with its famous Red Bull Marks and Trade Dress as defined below) in the United States through various means, including electronic media (namely television, movies, radio, and the world wide web at, among other places, www.redbullusa.com and

3

www.redbull.com ), print media (including newspapers, periodicals, and flyers), and other promotional materials (including sampling cars, various printed marketing materials, and in-store displays such as specially-manufactured Red Bull Energy Drink coolers and racks). Red Bull also promotes the Red Bull Energy Drink (and Red Bull Marks and Trade Dress as defined below) through the sponsorships of various athletic, creative, and entertainment events and the sponsorship and/or ownership of various teams and athletes in competitive sports. For example, Red Bull owns and sponsors, the New York Red Bulls, a major league soccer team; Red Bull Racing and Scuderia Toro Rosso (Italian for "Team Red Bull"), both Formula One racing teams; and Team Red Bull, a NASCAR Nextel Cup racing team. As a result of the foregoing activities, among countless others, the Red Bull brand has been prominently placed in the public consciousness and is well recognized, particularly by the consuming public.

13.     The Red Bull Energy Drink features a distinctive and famous trade dress as depicted below:



"Red Bull Trade Dress."

4

14.     While Red Bull has gained common law trademark rights to the Red Bull Trade Dress through its use, advertising and promotion (as described above), Red Bull has also protected its valuable trademark rights by filing for and obtaining federal trademark registrations. Such registrations include, for example, U.S. Registration No. 3,086,964 for the Red Bull Energy Drink Trade Dress and U.S. Registration Nos. 3,233,533 for the Blue/Silver Alternating Block Design ("Red Bull Trademarks"). The Red Bull Trade Dress and Red Bull Trademarks are collectively referred to herein as the "Red Bull Marks and Trade Dress."

15.     As noted above, Red Bull promotes its products through its websites. The home pages of the websites located at www.redbullusa.com and www.redbull.com feature a distinctive design and background which is also incorporated throughout the website ("Red Bull Website"). Among other things, when the Red Bull Website begins to load, viewers see a grey background with the imprint of two charging, horned bulls. Once the home page is loaded, viewers then see a screen divided into twelve (12) shifting squares with some but not all of the squares featuring photographs of individuals engaging in sports and athletic and other activities.

16.     Consumers and/or purchasers in the United States have come to recognize the Red Bull Marks and Trade Dress and the Red Bull Website and associate them exclusively with Red Bull and the Red Bull Energy Drink, and Red Bull has acquired a valuable reputation and goodwill among the public as a result of such association. Indeed, the Red Bull Marks and Trade Dress are famous in the United States.

<u>**Defendant's Wrongful and Infringing Conduct**</u>

17.     Upon information and belief, Defendant manufactures, advertises, promotes, markets, distributes and/or sells energy drink products bearing the name "Unicorn" ("Unicorn

5

Energy Drink") and featuring a trade dress as depicted below in the United States, the State of Virginia and this District:



("Unicorn Trade Dress").

18. The Unicorn Trade Dress is confusingly similar to and dilutive of the Red Bull Marks and Trade Dress as can easily be seen below:

 

19.     Upon information and belief, Defendant only recently began offering the Unicorn Energy Drink featuring the Unicorn Trade Dress, well after Red Bull began the energy drink craze and after its Red Bull Marks and Trade Dress became famous.

20.     Red Bull, upon information and belief, alleges that Defendant has committed the actions described herein in bad faith and with the intent to cause confusion and mistake; to deceive the public at large into believing that Defendant and/or the Unicorn Energy Drink are affiliated, connected or associated with, and/or otherwise sponsored, approved, and/or authorized by, Red Bull; and to dilute the Red Bull Marks and Trade Dress.

21.     Upon information and belief, Defendant had knowledge of the Red Bull Marks and Trade Dress and their fame in connection with energy drinks, and adopted the Unicorn Trade Dress in connection with an energy drink product in bad faith and with intent to cause confusion with and dilute the Red Bull Marks and Trade Dress.

22.     Defendant operates a website located at www.unicornenergydrink.com ("Unicorn Website") which promotes the Unicorn Energy Drink (which competes with Red Bull Energy Drink) and which closely mimics the content and style of the Red Bull Website further heightening the likelihood of confusion between the Unicorn Trade Dress and the Red Bull Marks and Trade Dress and evidencing Defendant's bad faith in adopting the Unicorn Trade Dress. Consumers viewing the Unicorn Website will likely be confused as to the affiliation, connection or association of Defendant and the Unicorn Website with Red Bull, the Red Bull Website and/or the Red Bull Energy Drink.

23.     Among other things, when the Unicorn Website begins to load, viewers see a grey background with the imprint of a charging, horned unicorn. Once the home page is loaded,

7

viewers then see a screen divided into twelve (12) shifting squares with some but not all of the squares featuring photographs of individuals engaging in sports and athletic activities.

24.     Upon information and belief, Defendant had knowledge of the Red Bull Website prior to their development of the Unicorn Website and deliberately copied various aspects of the Red Bull Website as described above in connection with the Unicorn Website.

25.     Further, Defendant's Unicorn Energy Drink is being offered in in-store displays (as described in paragraph 12) intended for Red Bull Energy Drink only. Such is evidence of either actual confusion or a deliberate intent to deceive. A photograph of the Unicorn Energy Drink being offered in such in-store displays is attached as Exhibit A. The offering of Unicorn Energy Drink in such in-store displays intended for Red Bull Energy Drink heightens the likelihood of confusion as to the source, sponsorship or affiliation of Defendant's Unicorn Energy Drink with Red Bull or the Red Bull Energy Drink.

26.     In sum, despite Red Bull's long use of its Red Bull Marks and Trade Dress, Defendant has, without the authorization, license or consent of Red Bull, attempted to trade off the reputation, goodwill, and fame of the Red Bull Energy Drink and the Red Bull Marks and Trade Dress, and has attempted to gain a share of the energy drink category by unfairly trading on such proprietary indicia through the manufacture, advertising, promotion, distribution, and sale of an energy drink, including through the operation of the Unicorn Website, that is likely to cause confusion, mistake or deception with respect to the Red Bull Energy Drink; that is likely to cause dilution of the Red Bull Marks and Trade Dress; and has caused and will likely continue to cause irreparable harm and other damage to Red Bull, its business, and goodwill.

27.     In committing these unlawful acts, Defendant has, among other things, willfully and in bad faith: (i) infringed and diluted Red Bull's rights in its Red Bull Marks and Trade

8

Dress; (ii) misled the public into associating Defendant and its energy drink product with Red

Bull and the Red Bull Energy Drink; (iii) on or in connection with its goods and/or services, used

in commerce false designations of origin, false or misleading descriptions of fact, and/or false or

misleading representations of fact; and (iv) harmed Red Bull's goodwill and business reputation.

Unless enjoined, the Defendant will continue to cause such irreparable harm to Red Bull.

<div align="center">

**FIRST CLAIM FOR RELIEF**
**Infringement of Federally Registered Trademark**
**15 U.S.C. § 1114(1)**

</div>

28.     Red Bull incorporates paragraphs 1 through 27 of its Complaint as if fully set

forth herein.

29.     Red Bull has continuously used its Red Bull Trademarks in interstate commerce

since at least as early as 1996.

30.     Red Bull AU, as the owner of all right, title and interest in and to the Red Bull

Trademarks, has standing to maintain an action for trademark infringement under the Federal

Trademark Statute, Lanham Act § 32(1) (15 U.S.C. § 1114(1)).

31.     Red Bull alleges that Defendant, without Red Bull's consent, has used a

reproduction, counterfeit, copy and/or colorable imitation of the Red Bull Trademarks in

commerce on or in connection with the sale, offering for sale, distribution, promotion and/or

advertising of goods and services, and that such use is likely to cause confusion, or to cause

mistake or to deceive.

32.     Red Bull alleges that Defendant, without Red Bull's consent, has reproduced,

counterfeited, copied and/or colorably imitated the Red Bull Trademarks and has applied such

reproduction, counterfeit, copy, or colorable imitation to labels, signs, prints, packages, wrappers,

receptacles and/or advertisements used in commerce upon or in connection with the sale,

<div align="center">9</div>

offering for sale, distribution and/or advertising of goods and services, and that such use is likely to cause confusion, or to cause mistake and/or to deceive.

33.    Red Bull, upon information and belief, alleges that Defendant's acts have been committed with knowledge of Red Bull's exclusive rights and goodwill in the Red Bull Trademarks, as well as with bad faith and the intent to cause confusion, or to cause mistake and/or to deceive.

34.    As a result of Defendant's trademark infringement, Red Bull has suffered and will continue to suffer substantial and irreparable injury, loss, and damage to its rights in and to the Red Bull Trademarks, and the goodwill associated therewith, for which it has no adequate remedy at law.

35.    Due to the acts of Defendant, Red Bull has suffered and will continue to suffer losses, including loss of business opportunities, and, if not preliminarily and permanently enjoined, Defendant will have unfairly derived and will continue to unfairly derive income, profits, and business opportunities as a result of its acts of infringement.

36.    As the acts alleged herein constitute infringement of the Red Bull Trademarks under 15 U.S.C. § 1114, and, as Red Bull has no adequate remedy at law, Red Bull is entitled to injunctive relief as well as monetary damages and other remedies provided by 15 U.S.C. §§ 1116, 1117, and 1118, including Defendant's profits, treble damages, reasonable attorney's fees, costs and prejudgment interest.

<div align="center">

**SECOND CLAIM FOR RELIEF**
**Trade Dress Infringement**
**15 U.S.C. § 1125(a)(1)(A)**

</div>

37.    Red Bull incorporates paragraphs 1 through 36 of the Complaint as if fully set forth herein.

38.     Red Bull AU, as the owner of all common law right, title and interest in and to the Red Bull Trade Dress, has standing to maintain an action for trade dress infringement under the Federal Trademark Statute, Lanham Act § 43(a) (15 U.S.C. § 1125(a)).

39.     The Red Bull Trade Dress is inherently distinctive and/or has acquired distinctiveness.

40.     Red Bull alleges that Defendant has, without authorization, on or in connection with its goods and services, used in commerce the Unicorn Trade Dress, that is confusingly similar to the Red Bull Trade Dress, and/or has made false designations of origin, false or misleading descriptions of fact and/or false or misleading representations of fact, which are likely to cause confusion, or to cause mistake or to deceive as to the affiliation, connection or association of Defendant with Red Bull, and/or as to the origin, sponsorship or approval of Defendant's goods or services, or commercial activities.

41.     Red Bull, upon information and belief, alleges that Defendant's acts have been committed with knowledge of Red Bull's exclusive common law rights and goodwill in the Red Bull Trade Dress, as well as with bad faith and the intent to cause confusion, or to cause mistake and/or to deceive.

42.     Red Bull has suffered, and, if Defendant is not enjoined from its wrongful acts of trade dress infringement and acts of making false designations of origin, false or misleading descriptions of fact, and/or false or misleading representations of fact as described herein, Red Bull will continue to suffer, great and irreparable injury, loss, and damage to its rights in and to the Red Bull Trade Dress and the goodwill associated therewith for which it has no adequate remedy at law.

11

43.     As a result of Defendant's wrongful acts, Red Bull has suffered and will continue to suffer losses, including loss of business opportunities, and, if not preliminarily and permanently enjoined, Defendant will have unfairly derived and will continue to unfairly derive income, profits and business opportunities as a result of its wrongful acts.

44.     As the acts alleged herein violate Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and, as Red Bull has no adequate remedy at law, Red Bull is entitled to injunctive relief as well as monetary damages and other remedies provided by 15 U.S.C. §§ 1116, 1117 and 1118, including Defendant's profits, treble damages, reasonable attorney's fees, costs and prejudgment interest.

<center>**THIRD CLAIM FOR RELIEF**
**Unfair Competition/Trademark Infringement/False Designation of Origin**
**15 U.S.C. § 1125(a)(1)(A)**</center>

45.     Red Bull incorporates paragraphs 1 through 44 of the Complaint as if fully set forth herein.

46.     Red Bull AU, as the owner of all common law right, title and interest in and to the Red Bull Trademarks ("Red Bull Common Law Marks") and Red Bull Website, has standing to maintain an action for unfair competition/trademark infringement/false designation of origin under the Federal Trademark Statute, Lanham Act § 43(a) (15 U.S.C. § 1125(a)).

47.     The Red Bull Common Law Marks are inherently distinctive and/or have acquired distinctiveness.

48.     Red Bull alleges that Defendant has, without authorization, on or in connection with its goods and services, used in commerce the Unicorn Trade Dress, that is confusingly similar to the Red Bull Common Law Marks, and/or has made false designations of origin, false or misleading descriptions of fact and/or false or misleading representations of fact, which are

<center>12</center>

likely to cause confusion, or to cause mistake or to deceive as to the affiliation, connection or association of Defendant with Red Bull, and/or as to the origin, sponsorship or approval of Defendant's goods or services, or commercial activities.

49.     Red Bull alleges that Defendant has, without authorization, on or in connection with its goods and services, used the Unicorn Website which imitates the Red Bull Website and such is likely to cause confusion, or to cause mistake or to deceive as to the affiliation, connection or association of Defendant with Red Bull, and/or as to the origin, sponsorship or approval of Defendant's goods or services, or commercial activities, particularly in view of the identical nature of the goods, namely energy drinks, promoted on both the Unicorn Website and Red Bull Website.

50.     Red Bull, upon information and belief, alleges that Defendant's acts have been committed with knowledge of Red Bull's exclusive common law rights and goodwill in the Red Bull Common Law Marks and the Red Bull Website, as well as with bad faith and the intent to cause confusion, or to cause mistake and/or to deceive.

51.     Red Bull has suffered, and, if Defendant is not enjoined from its wrongful acts of trademark infringement and acts of making false designations of origin, false or misleading descriptions of fact, and/or false or misleading representations of fact as described herein, Red Bull will continue to suffer, great and irreparable injury, loss, and damage to its rights in and to the Red Bull Common Law Marks, the Red Bull Website and the goodwill associated therewith for which it has no adequate remedy at law.

52.     As a result of Defendant's wrongful acts, Red Bull has suffered and will continue to suffer losses, including loss of business opportunities, and, if not preliminarily and

13

permanently enjoined, Defendant will have unfairly derived and will continue to unfairly derive income, profits and business opportunities as a result of its wrongful acts.

53.     As the acts alleged herein violate Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and, as Red Bull has no adequate remedy at law, Red Bull is entitled to injunctive relief as well as monetary damages and other remedies provided by 15 U.S.C. §§ 1116, 1117 and 1118, including Defendant's profits, treble damages, reasonable attorney's fees, costs and prejudgment interest.

### FOURTH CLAIM FOR RELIEF
**Trademark Dilution**
**15 U.S.C. § 1125(c)**

54.     Red Bull incorporates paragraphs 1 through 53 of this Complaint as if fully set forth herein.

55.     The Red Bull Trade Dress, Red Bull Trademarks and the Red Bull Common Law Marks are distinctive and famous within the meaning of 15 U.S.C. § 1125(c)(1).

56.     Red Bull, upon information and belief, alleges that Defendant's wrongful acts as described herein began after the Red Bull Trade Dress, Red Bull Trademarks and the Red Bull Common Law Marks became famous.

57.     Red Bull, upon information and belief, alleges that Defendant's acts are likely to cause dilution by blurring and/or tarnishing of the famous Red Bull Trade Dress, Red Bull Trademarks and the Red Bull Common Law Marks, and otherwise have impaired the distinctiveness and/or harmed the reputation of those trademarks and trade dress.

58.     Red Bull, upon information and belief, alleges that Defendant willfully intended to trade on the reputation of the famous Red Bull Trade Dress, Red Bull Trademarks and the Red

Bull Common Law Marks and intended to cause dilution of the famous Red Bull Trade Dress, Red Bull Trademarks and the Red Bull Common Law Marks.

59.     Defendant's wrongful acts have caused and will continue to cause great and irreparable injury and damage to Red Bull and to the goodwill in the famous Red Bull Trade Dress, Red Bull Trademarks and the Red Bull Common Law Marks, which injury and damage cannot be adequately quantified, and unless this Court restrains Defendant from further commission of said acts, Red Bull will continue to suffer substantial irreparable injury for which they have no adequate remedy at law.

60.     As a result of Defendant's wrongful acts, Red Bull has suffered and will continue to suffer loss of income, profits, and valuable business opportunity, and, if not preliminarily and permanently enjoined, Defendant will have unfairly derived and will continue to unfairly derive income, profits, and business opportunities as a result of its wrongful acts.

61.     As the acts alleged herein constitute a willful violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), and, as Red Bull has no adequate remedy at law, Red Bull is entitled to injunctive relief as well as monetary damages and other remedies provided by 15 U.S.C. §§ 1116, 1117, 1118 and 1125(c)(5), including Defendant's profits, treble damages, reasonable attorney's fees, costs and prejudgment interest.

### FIFTH CLAIM FOR RELIEF
### Violation of Common Law Trademark and Trade Dress Rights
### Virginia Common Law

62.     Red Bull incorporates paragraphs 1 through 61 of this Complaint as if fully set forth herein.

63.     The Red Bull Trade Dress and the Red Bull Common Law Marks constitute valid trademarks and trade dress under Virginia common law.

15

64.     Red Bull, upon information and belief, alleges that Defendant's unlawful use of trademarks and trade dress that are confusingly similar to the Red Bull Trade Dress and the Red Bull Common Law Marks owned by Red Bull constitutes trademark and trade dress infringement in violation of Virginia common law.  As alleged herein, Defendant's unauthorized use of the Unicorn Trade Dress, that is confusingly similar to the Red Bull Trade Dress and the Red Bull Common Law Marks, is likely to cause confusion, or to cause mistake or to deceive as to the affiliation, connection or association of Defendant with Red Bull, and/or as to the origin, sponsorship or approval of Defendant's goods or services, or commercial activities.

65.     Red Bull has no adequate remedy at law against this infringement of its common law trademark and trade dress rights as alleged herein.  Unless Defendant is preliminarily and permanently enjoined from its unlawful use of marks as set forth above, including use of marks that are confusingly similar to the Red Bull Trade Dress and the Red Bull Common Law Marks, Red Bull will suffer irreparable harm.  Red Bull is also entitled to damages, including punitive damages, reasonable attorney's fees and costs as a result of Defendant's willful conduct.

## SIXTH CLAIM FOR RELIEF
### Common Law Unfair Competition
### Virginia Common Law

66.     Red Bull incorporates paragraphs 1 through 65 of this Complaint as if fully set forth herein.

67.     Red Bull, upon information and belief, alleges that Defendant's unlawful use of marks that are confusingly similar to the Red Bull Trade Dress and the Red Bull Common Law Marks owned by Red Bull is likely to cause confusion and to deceive the public.  Red Bull further alleges, upon information and belief that Defendant's use of marks that are confusingly similar to the Red Bull Trade Dress and the Red Bull Common Law Marks, deceptively leads

16

purchasers and prospective purchasers of Defendant's goods and services to believe that
Defendant's goods and services originate with and are sponsored by, or otherwise authorized by,
Red Bull.

68.     Red Bull, upon information and belief, alleges that Defendant's use of marks and
trade dress that are confusingly similar to the Red Bull Trade Dress and the Red Bull Common
Law Marks, in commerce constitutes unfair competition under Virginia common law.

69.     Red Bull alleges that Defendant has, without authorization, on or in connection
with its goods and services, used the Unicorn Website which imitates the Red Bull Website and
such is likely to cause confusion, or to cause mistake or to deceive as to the affiliation,
connection or association of Defendant with Red Bull, and/or as to the origin, sponsorship or
approval of Defendant's goods or services, or commercial activities, particularly in view of the
identical nature of the goods, namely energy drinks, promoted on both the Unicorn Website and
Red Bull Website.

70.     Red Bull, upon information and belief, alleges that Defendant's use of the
Unicorn Website which imitates the Red Bull Website constitutes unfair competition under
Virginia common law.

71.     Red Bull has no adequate remedy at law against this unfair competition as alleged
herein. Unless Defendant is preliminarily and permanently enjoined from its unlawful use of
marks as set forth above, including use of marks that are confusingly similar to the Red Bull
Trade Dress and the Red Bull Common Law Marks, and use of the Unicorn Website, Red Bull
will suffer irreparable harm. Red Bull is also entitled to a damages, including punitive damages,
reasonable attorney's fees and costs as a result of Defendant's willful conduct.

17

## PRAYER FOR RELIEF

Red Bull respectfully requests the following relief:

1.     That the Court rule as follows:

    (a)     That Defendant's use of the Unicorn Trade Dress infringes the Red Bull Trade Dress, Red Bull Trademarks and the Red Bull Common Law Marks under federal and common law;

    (b)     That Defendant's use of the Unicorn Trade Dress constitutes unfair competition, including trade dress and trademark infringement, under federal and common law;

    (c)     That Defendant's operation of the Unicorn Website which imitates the Red Bull Website constitutes unfair competition under federal and common law;

    (d)     That Defendant's use of the Unicorn Trade Dress dilutes the Red Bull Trade Dress, Red Bull Trademarks and the Red Bull Common Law Marks under federal law;

    (e)     That Defendant be preliminarily and permanently enjoined, along with its assignees, transferees, employees, agents and representatives, and all other persons, firms, or entities acting in concert or participating with it, from:

    (i)     using, displaying, advertising, promoting, registering, transferring, or assigning, including on or in connection with any products, services, promotional items, domain names or web sites, the Unicorn Trade Dress, the Red Bull Trade Dress, Red Bull Trademarks and the Red Bull Common Law Marks, or any confusingly similar trademarks or trade dress;

    (ii)     using, displaying, operating, advertising, promoting, transferring or assigning the Unicorn Website;

    (iii)     doing or allowing any act or thing calculated or likely to cause confusion or mistake in the minds of members of the public or the trade or prospective purchasers of Red

18

Bull's products as to the source of Defendant's goods and services, or likely to deceive members of the public or the trade or prospective purchasers of Defendant's goods and services into believing that there is some association, connection or affiliation with and/or sponsorship or approval by Red Bull;

        (iv)     doing or allowing any act or thing which is likely to dilute the distinctive quality of the Red Bull Trade Dress, Red Bull Trademarks and the Red Bull Common Law Marks or otherwise injure Red Bull's business reputation or goodwill; and

        (v)     engaging in acts of federal, state or common law trademark or trade dress infringement, dilution or unfair competition that would damage or injure Red Bull and/or the Red Bull Trade Dress and/or the Red Bull Trademarks and/or the Red Bull Common Law Marks;

        (f)     That Defendant, pursuant to 15 U.S.C. § 1118, be ordered to deliver up for destruction all labels, signs, prints, packages, wrappers, receptacles, advertisements, T-shirts, hats, and other materials in the possession of Defendant bearing the Unicorn Trade Dress, the Red Bull Trade Dress, Red Bull Trademarks and the Red Bull Common Law Marks, or any confusingly similar trademark, trade dress, service mark, trade name, or domain name, or any colorable imitation thereof, and all plates, molds, matrices and other means of making these items;

        (g)     That Defendant, pursuant to 15 U.S.C. § 1116(a), be directed to file with this Court and serve upon Red Bull within thirty (30) days after service of the injunction a report in writing under oath setting forth in detail the manner and form in which they have complied with the injunction;

19

(h)     That this is an exceptional case within the meaning of 15 U.S.C. § 1117 and that Defendant's acts of trademark and trade dress infringement, dilution, and unfair competition were knowing and willful;

(i)     That an accounting be ordered of all of the profits realized by Defendant, or others acting in concert or participation with it, from Defendant's unauthorized use of the Unicorn Trade Dress, the Red Bull Trade Dress, Red Bull Trademarks and the Red Bull Common Law Marks, or any confusingly similar trademarks or trade dress, and Defendant's acts of unfair competition, false designation of origin, and dilution;

(j)     That Defendant account for and pay over to Red Bull all of the profits realized by Defendant, or others acting in concert or participation with Defendant, from Defendant's unauthorized use of the Unicorn Trade Dress, the Red Bull Trade Dress, Red Bull Trademarks and the Red Bull Common Law Marks, or any confusingly similar trademarks or trade dress, and Defendant's acts of unfair competition, false designation of origin, and dilution;

2.      As to all claims, that Red Bull be awarded Defendant's profits, damages, including treble and punitive damages, reasonable attorney's fees, costs and prejudgment interest in an amount to be ascertained pursuant to applicable laws, including, without limitation, 15 U.S.C. § 1117 and Virginia common law; and

3.      That Red Bull be granted such other and further relief as the Court deems just and proper.

Dated: July    , 2007

HOGAN & HARTSON L.L.P.

| Of Counsel | By _____ |
|---|---|
| HOGAN & HARTSON L.L.P.<br>Raymond A. Kurz<br>Celine Jimenez Crowson<br>Anna Kurian Shaw<br>555 Thirteenth Street, NW<br>Washington, DC 20004<br>TEL: 202-637-5600<br>FAX: 202-637-5910 | N. Thomas Connally (VSB #36318)<br>ntconnally@hhlaw.com<br>Monica Burke (VSB #65905)<br>msburke@hhlaw.com<br>8300 Greensboro Drive, Suite 1100<br>McLean, VA 22102<br>(703) 610-6100<br>(703) 610-6200 (facsimile)<br>Attorneys for Plaintiffs<br>Red Bull GmbH and<br>Red Bull North America, Inc. |

# EXHIBIT A

